FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 2 7 2002

*[signature]*
CLERK

BONNY ESQUIBEL, as Parent and Guardian
of MARY ESQUIBEL,

        Plaintiff,

vs.

CIV NO. 02 - 0037 M/DJS

MORGAN DAVID MONTANO a/k/a DAVID MONTANO,
Individually and in his official capacity as an employee of
Las Vegas City Schools, AMY RIVERA, Individually and in
her official capacity as an employee of Las Vegas City Schools,
DAN GONZALES, Individually and in his official capacity as
an employee of Las Vegas City Schools, RICHARD LOPEZ,
Individually and in his official capacity as an employee of Las
Vegas City Schools, and JAYLENE QUILES, PAULINE PEREA,
and ANDREA VALDEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion by the Defendants Las Vegas City

School employees David "Morgan" Montano, Dan Gonzales, Richard Lopez and Amy Rivera to

dismiss the Complaint as against them for failure to state a cause of action. The Las Vegas City

School employees, who are named in both their individual and their official capacities, have

brought this Motion pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff concedes that the Complaint

fails to state a cause of action against Defendant Amy Rivera in either her official or her

1



individual capacity. Therefore, the Complaint is dismissed as against Defendant Amy Rivera.

Having reviewed the moving papers, I find that Count III of the Complaint fails to state a claim upon which relief can be granted.

Count III, which is the 42 U.S.C. §1983 claim brought against the Las Vegas City School employees, is dismissed in its entirety for failure to state a claim upon which relief can be granted. Therefore Defendants Dan Gonzales and Richard Lopez, having been named only in Count III, are dismissed from this lawsuit. The claims brought against David "Morgan" Montano in Count III are also dismissed.

Counts I, alleging the tort of negligence, and II, alleging the tort of negligent entrustment, remain. Since no federal constitutional claims remain, I decline to exercise supplemental jurisdiction over the remaining state law claims and remand the case to state court from which it came.

## STANDARD OF REVIEW

The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton, supra* at 1236 (internal quotation marks and citation omitted). The issue in reviewing the

sufficiency of a complaint is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence in support of her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## PROCEDURAL BACKGROUND

This case was originally filed in the Fourth Judicial District of New Mexico, San Miguel County, where the auto accident which is the subject of this lawsuit occurred. Four Las Vegas City School employees were named as well as three individuals. The Complaint alleged three counts - the tort of negligence against Andrea Valdez, David "Morgan" Montano, in his individual capacity, and Pauline Perea, the tort of negligent entrustment against David "Morgan" Montano, apparently in his individual capacity, Jaylene Quiles and Pauline Perea, and the third for civil rights violations under 42 U.S.C. §1983 and §1988 against the four Las Vegas City School employees in both their individual and official capacities.

The Complaint was removed to federal court on the basis of the civil rights violations. The Motion to Dismiss was filed by the Las Vegas City School employees and addressed only the causes of action against the School Defendants Montano, Rivera, Gonzales and Lopez.

## FACTUAL BACKGROUND

The Complaint sets out a simple story. A groups of cheerleaders from a Las Vegas high school were having a barbecue party at the home of their teacher/sponsor Amy Rivera. One of the girls, Jaylene Quiles, came in a rented sportscar, a Mustang convertible. The car had allegedly been rented for her by a teacher at the high school, David "Morgan" Montano, for the

prom. Jaylene Quiles began lending the Mustang to the students at the party to drive. A girl, Andrea Valdez, borrowed the Mustang for a drive. The Plaintiff, Mary Esquibel, a minor, was a passenger in the Mustang while Andrea Valdez drove. Ms. Valdez was driving at a high rate of speed along a frontage road, failed to negotiate a curve and lost control of the car. The convertible struck a barbed wire fence and Mary Esquibel was injured with lacerations to her neck.

The Complaint further alleges that David "Morgan" Montano had previously loaned his personal car to other high school students and that this was known to both the principal of the high school, Dan Gonzales, and the vice principal and athletic director, Richard Lopez. The Complaint further alleges that neither Mr. Gonzales nor Mr. Lopez took any corrective measures about this situation.

## DISCUSSION

Plaintiff has alleged that the actions of the School Defendants Montano, Gonzales and Lopez have violated her substantive due process rights. She brings this claim against the School Defendants Montano, Gonzales and Lopez both in their individual and official capacities. A suit against persons in their individual capacities who are acting under color of state law, in this case the employees of the Las Vegas City School employees, seeks to impose personal liability against the individuals who alleged deprived the plaintiff of her constitutional rights. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

On the other hand, a suit against persons in their official capacities who are acting under color of state law is the equivalent of naming the government entity itself, in this case the Las

Vegas City Schools, as the defendant. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). This requires the plaintiff to assert claims that the governmental agency has formally adopted unconstitutional policies or regulations or that the unconstitutional policy or conduct of the agency reflects "practices of state officials so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. Department of Social Services*, at 691.

The only allegation of the Complaint that addresses a policy, custom or conduct of the Defendants acting in their official capacities is the allegation that Defendant David "Morgan" Montano allowed students to drive his personal car and that even though this practice was known to Defendants Dan Gonzales and Richard Lopez, neither Defendant did anything about this practice. While neither party addressed in the motions the issue of whether this alleged policy is an unconstitutional policy, this practice of loaning a personal car to other students cannot be considered, even remotely, to have caused a violation of the Plaintiff's constitutional rights. There are no allegations that the Plaintiff was harmed in any way by the loaning of Mr. Montano's personal car to other high schools students. Since the Complaint fails to allege that an unconstitutional policy, custom or practice existed which harmed the Plaintiff, the issue of whether the Las Vegas City Schools adopted, formally or through well-settled custom, this alleged policy or practice is moot.

The Complaint also alleges that David "Morgan" Montano rented the Mustang convertible for student Jaylene Quiles to use for the prom. The Complaint does not allege that renting a sportscar for a student was a custom or practice of Mr. Montano or the other School Defendants. I do not read the Complaint as alleging that the Las Vegas School Defendants had a custom or practice of renting sportscars for use by students and that this practice violated the

5

Plaintiff's constitutional rights. Therefore, since the Complaint is devoid of allegations that rise to the *Monell* type of claim, a necessary prerequisite for bringing a 42 U.S.C. §1983 against school officials in their official capacity, all claims brought against the Las Vegas City School Defendants in their official capacities are dismissed for failure to state a claim upon which relief can be granted.

The allegations against the School Defendants in Count III in their individual capacities only concern Defendant Montano. Count III alleges that by renting a sportscar for a student, Defendant David "Morgan" Montano created a dangerous situation that violated the Plaintiff Mary Esquibel's due process rights. The injuries suffered by the Plaintiff were proximately caused by a third party, Defendant and fellow student Andrea Valdez, who drove the car and caused the accident in which Plaintiff was involved.

When bringing a 42 U.S.C. § 1983 claim against a public employee acting under color of state law in which the injuries were actually caused by a private citizen, the plaintiff must establish that the public employee created the situation which ultimately led to the deprivation of constitutional rights. "It is well settled that a state does not have a constitutional duty to protect its citizens from private violence." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F. 3d 1226, 1237 (10th Cir. 1999). The two exceptions to this well-settled rule are the "special relationship" doctrine and the "danger creation" theory. Plaintiff has pled and argued that the allegations of the Complaint establish that Mr. Montano created the danger which led ultimately to Plaintiff's harm and the violation of her constitutional rights by renting the sportscar for a student.

Plaintiff's "danger creation" allegations however fail to state a cause of action for a

6

violation of due process rights . To establish that a state actor is liable under 42 U.S.C. § 1983

"it is not enough to show that the state increased the danger of harm from third persons; the [§]

1983 plaintiff must also show that the state acted with the requisite degree of culpability in

failing to protect the plaintiff." *Uhlrig v. Harder*, 64 F. 3d 567, 573 (10th Cir. 1995) (quoting

*Leffal v. Dallas Indep. Sch. Dist.*, 28 F. 3d 521, 531 (5th Cir. 1994)). The standard for judging

whether the actions taken by the state actor rise to the level of a deprivation of a due process

violation is whether the actions "shock the conscience of federal judges." *Collins v. City of*

*Harker Heights Tex.*, 503 U.S. 115 (1992). A substantive due violation must be more than an

ordinary tort to be actionable under §1983. Such violations are either "deliberately wrongful",

*Id.* at 127 n.10, or so "reckless" that "the defendant recognizes the unreasonable risk and

actually intends to expose the plaintiff to such risks without regard to the consequences to the

plaintiff." *Uhlrig*, 64 F. 3d at 574.

The Tenth Circuit further explained that to satisfy the "shock the conscience"standard, a

plaintiff must show more than deliberate or reckless behavior. "The plaintiff must demonstrate a

degree of outrageousness and a magnitude of potential or actual harm that is truly conscience

shocking." *Uhlrig,* supra at 574. Such behavior requires a high level of outrageousness. *Id.*

The action of Mr. Montano in renting a sportscar for a student to use does not rise to this

level. It does not shock the conscience; nor does the action rise to a high level of outrageousness.

It doesn't even come close to the level of reckless or deliberately wilful behavior that is

necessary for a finding of a potential due process violation. I find that the Complaint fails to

state a cause of action for deprivation of the Plaintiff's constitutional rights upon which relief can

be granted. Count III is dismissed in its entirety.

## STATE LAW CLAIMS TO BE REMANDED

Counts I and II allege only state law claims. I decline to retain jurisdiction over the supplementary state law claims and am ordering the remaining counts to be remanded to state court in the interests of judicial economy and comity. 28 U.S.C. § 1367 (c)(3). *See Carnegie Mellon University v. Cohill*, 484 U.S. 343, 348 (1988).

Mr. Montano has argued at length that the New Mexico Tort Claims Act does not waive immunity for any of the actions alleged in the Complaint which may be read to establish his liability. However these arguments, whether his actions were within the scope of his employment, are best addressed by the trial judge to whom this case will be assigned on remand.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED THAT Count III is dismissed for failure to state a claim upon which relief can be granted. Defendants Amy Rivera, Dan Gonzales and Richard Lopez are dismissed from this lawsuit. IT IS FURTHER HEREBY ORDERED THAT Counts I and II are remanded to the state court from which this case was removed.

_____
SENIOR UNITED STATES JUDGE